FILED
2019 Apr-05  AM 11:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| LACIE WILLIAMS, ADMINISTRATRIX OF THE ESTATE OF ALTON MICHAEL WILLIAMS, § § § § § § | |
| PLAINTIFF, § | Case No.: |
| § | |
| VS § | JURY DEMANDED |
| § | |
| QUEST LINER, INC. and KENNEY MARTIN THOMAS, IV, § § § § | |
| DEFENDANTS. § | |

## COMPLAINT

## STATEMENT OF THE PARTIES

1. Plaintiff Lacie Williams is a resident citizen of Tuscaloosa County, Alabama and is over the legal age of nineteen (19) years. Plaintiff Lacie Williams has been appointed the Administratrix of the Estate of Alton Michael Williams.

2. Defendant Quest Liner, Inc. is a foreign corporation with its principal place of business in Dubuque, Iowa.

3. Defendant Kenney Martin Thomas, IV, hereinafter "Thomas", is a resident citizen of Pasadena, Texas and is over the legal age of nineteen (19) years.

## ALLEGATION OF FEDERAL DIVERSITY JURISDICTION

4. This court has jurisdiction of this matter based upon 28 U.S.C. § 1332, in that there is complete diversity and Defendants Quest Liner, Inc. and Thomas are liable to Plaintiff Williams in an amount in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)(1) and (c).

## STATEMENT OF FACTS

6. On or about January 29, 2019 Defendant Thomas was operating a tractor trailer for Defendant Quest Liner, Inc. Defendant Thomas was traveling westbound on Jack Warner Parkway in Tuscaloosa County. Defendant Thomas was operating the tractor more than 10 miles per hour above the posted speed limit.

7. Traveling eastbound on Jack Warner Parkway was Tina Williams. Ms. Tina Williams was operating a 2018 Toyota 4 Runner. Mr. Alton Michael Williams was a passenger in the Toyota 4 Runner. Specifically, Mr. Williams was positioned in the front passenger seat.

8. Ms. Tina Williams turned left to enter the Bryant Bridge/Eastern Bypass. Ms. Williams had a green light.

9. As she was turning, the passenger side of the Toyota 4 Runner was struck by the Quest Liner tractor.

10. The crash occurred at 8:50 p.m.

11. Alton Michael Williams died at the scene.

## COUNT ONE
### (NEGLIGENCE/WANTONNESS)

12. Plaintiff Lacie Williams adopts and incorporates here by reference all previous allegations.

13. Defendant Thomas had a duty to exercise reasonable care when operating the Quest Liner tractor on the public roadways.

14. Defendant Thomas failed to exercise reasonable care by driving a tractor trailer more than ten miles per hour over the posted speed limit and while not maintaining a proper lookout.

15. Said conduct rises to the level of negligence and/or wantonness.

16. At said time and place, Defendant Thomas was an agent, servant and/or employee of Defendant Quest Liner, Inc.

17. Defendant Quest Liner, Inc. is vicariously liable for the acts and omissions of Defendant Thomas.

18. As a direct and proximate result of the aforementioned acts of negligence and/or wantonness, the collision occurred and Alton Michael Williams died.

**WHEREFORE THESE PREMISES CONSIDERED,** Plaintiff Lacie Williams demands judgment against Defendants Quest Liner, Inc. and Thomas in an amount to be determined by a jury.

## COUNT TWO
## (NEGLIGENT /WANTON ENTRUSTMENT)

19. Plaintiff Lacie Williams adopts and incorporates here by reference all previous allegations.

20. On or before January 29, 2019, Defendant Quest Liner, Inc. was the owner and/or had custody control of the tractor trailer being operated by Defendant Thomas.

21. Plaintiff Williams avers that Defendant Thomas was incompetent to operate said tractor trailer and that Defendant Quest Liner, Inc. knew, or by the exercise of reasonable care, should have known that Defendant Thomas was incompetent to operate said vehicle. As a result, Defendant Quest Liner, Inc. negligently and/or wantonly entrusted said vehicle to Defendant Thomas.

22. Defendant Quest Liner, Inc.'s negligent and/or wanton entrustment was a direct and proximate cause of the collision.

**WHEREFORE THESE PREMISES CONSIDERED,** Plaintiff Lacie Williams demands judgment against Defendant Quest Liner, Inc. in an amount to be determined by a jury.

5 | P a g e

## COUNT III
## (NEGLIGENT/WANTON HIRING, SUPERVISION, TRAINING AND/OR RETENTION)

23. Plaintiff Lacie Williams adopts and incorporates here by reference all previous allegations.

24. Defendant Quest Liner, Inc. negligently and wantonly hired, supervised, monitored, trained, investigated, and/or retained as an agent, servant, and/or employee Defendant Thomas.

25. As a direct and proximate result of said conduct, the subject collision occurred on January 29, 2019.

**WHEREFORE THESE PREMISES CONSIDERED,** Plaintiff Lacie Williams demands judgment against Defendant Quest Liner, Inc. in an amount to be determined by a jury.

## JURY DEMANDED ON ALL ISSUES

Respectfully submitted,

/s/R. Matt Glover
R. Matt Glover (asb-7828-a43g)
Prince Glover Hayes
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: mglover@princelaw.net

G. Coe Baxter (asb-5039-l74b)
Prince Glover Hayes
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email: cbaxter@princelaw.net

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Quest Liner, Inc.
c/o Registered Agent Gerald Colvin
1910 First Avenue N
Birmingham, AL 35203

Kenney Martin Thomas, IV
6565 Spencer Highway
Pasadena, TX 77505